IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL A. BEACHUM, et al.,

                Plaintiffs,

v.                                      CIVIL ACTION NO. 2:09-cv-00378

WILLIAM J. PHILLIPS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Petition to Compel Arbitration [Docket 1]. The plaintiffs filed the petition on April 17, 2009. The state court stayed the case on May 26, 2009, pending this court's resolution of the petition, and this court entered a stay order on July 10, 2009 [Docket 12]. After the briefing schedule was established, the defendants responded to the petition on September 15, 2009 [Docket 15], and the plaintiffs filed a reply on September 24, 2009 [Docket 16]. This matter is now ripe for review, and for the following reasons, the plaintiffs' Petition to Compel Arbitration is **GRANTED**.

**I. Background**

This dispute arises from the formation of Mountain State Wireline, LLC ("MSW"), a West Virginia limited liability company with is principal place of business in Sissonville, West Virginia. The defendant, William Phillips, allegedly made a series of loans with respect to MSW, beginning on July 7, 2006, and ending on September 25, 2006. MSW executed promissory notes to reflect these loans. (Pet. Compel Arbitration ¶ 10, 11). On or about September 20, 2006, the plaintiffs, Paul Beachum and Michael Abshire, executed several agreements: a security agreement, an

operating agreement of MSW, and three employment agreements that covered their (as well as Mr. Phillips's) respective employment with MSW.  (*Id*. at ¶ 12.)  Under the terms of the operating agreement, Mr. Beachum and Mr. Phillips each held 45 units of MSW, while Mr. Abshire held 10 units.  (*Id*. at ¶ 13).  Each of the employment agreements contained identical arbitration clauses that provided the following:

> Except for any dispute arising out of the obligations set forth in Paragraph 7 of this Agreement [non-competition and non-solicitation], any dispute between the parties arising out of or with respect to this Agreement or any of its provisions or Employee's employment with the Company shall be resolved by the sole and exclusive remedy of binding arbitration.  The arbitration shall be conducted in Charleston, West Virginia under the auspices of, and in accordance with the rules of the American Arbitration Association.  Any decision issued by an arbitrator in accordance with this provision shall be final and binding on the parties thereto and not subject to appeal or civil litigation.

(*Id*. at ¶ 14, 15.)  Only the employment agreements contained this arbitration clause.

On November 8, 2007, Mr. Phillips's employment with MSW was terminated after a vote of the members of MSW.  (*Id*. at ¶ 17.)  On February 27, 2009, despite the arbitration clause in his employment agreement, Mr. Phillips filed suit against Mr. Abshire, Mr. Beachum, and MSW in the Circuit Court of Kanawha County, West Virginia, alleging the following: breach of fiduciary duty, accounting, negligent and intentional misrepresentation, promissory estoppel, conspiracy to commit fraud, fraud, and intentional infliction of emotional distress.  (*Id*. at ¶ 18.)  He claimed, inter alia, that Mr. Abshire and Mr. Beachum "intended all along and conspired among themselves to obtain the loan from [Mr. Phillips] and then to deny him information and his rightful access to the business and ultimately rid themselves of [him]."  (Compl. ¶ 13.)  He also alleged that

> [a]s a result of this scheme and in violation of [Mr. Phillips's] rights, [Mr. Abshire and Mr. Beachum] terminated [Mr. Phillips] pursuant to his employment agreement on or about October, 2007 and finalized their scheme to cut him out of his LLC membership and voted him out of the membership at a time when the alleged

>  valuation of [his] share of the LLC was zero because the company had not yet had the opportunity to earn a profit (according to [Mr. Abshire and Mr. Beachum]).

(*Id.* at ¶ 16.)

The plaintiffs initiated this action to enforce the arbitration clause in Mr. Phillips's employment agreement. They alleged that, by filing suit, "Mr. Phillips has not attempted to comply with the terms of the Employment Agreement." (Pet. Compel Arbitration ¶ 21.) Mr. Phillips argues, inter alia, that the arbitration clause does not apply because he has not made a claim for wrongful discharge, and examination of the employment agreement is not necessary to litigate his claims.

## II. Discussion

"In the Fourth Circuit, a litigant can compel arbitration under the [Federal Arbitration Act (the "FAA")] if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the defendant to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) (internal quotation marks omitted). In considering these factors, a district court must be "mindful of the 'clear federal directive in support of arbitration.'" *Id.* at 500 (quoting *Hightower v. GMRI, Inc.*, 272 F.3d 329, 241 (4th Cir. 2001)).

In this case, Mr. Phillips advances three arguments, and I address each in turn. First, Mr. Phillips contends that "[t]here is no claim flowing from the employment contract nor is there a wrongful discharge claim in the Complaint filed in Circuit Court." (Def.'s Mem. Opp'n Pls.' Pet. Compel Arbitration 4.) The plaintiffs counter that the arbitration clause at issue in this case is "broad in scope" and "covers the very issues that Defendant seeks to litigate" in state court. (Pls.' Reply Def.'s Resp. Opp'n Pet. Compel Arbitration 1.) Mr. Phillips argues that arbitration clauses

containing language requiring arbitration for "any controversy or claim arising out of *or relating to* this agreement" are broader than clauses that contain only the phrase "arising out of." (Def.'s Mem. Opp'n Pls.' Pet. Compel Arbitration 5 (citing *Pennzoil Exploration and Prod. Co. v. Ramco Energy*, 139 F.3d 1061, 1067 (5th Cir. 1998); *Tracer Research Corp. v. Nat'l Envtl. Svcs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994)).) He then asserts that because the arbitration clause in question does not contain the phrase "or relating to," this court should read the arbitration clause narrowly. (*Id.*)

The Fourth Circuit has held that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor or arbitration . . . ." *Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001) (internal quotation marks omitted). I first note that the arbitration clause at issue does not contain the phrase "or relating to." It does, however, provide that "any dispute between the parties arising out of *or with respect to* this Agreement . . . or Employee's employment with the Company shall be resolved" through arbitration. (Pet. Compel Arbitration Ex. H p. 4 (emphasis added).) The phrase "or with respect to" shows that the clause was intended to be read broadly, and broad clauses are afforded a presumption of arbitrability. *See, e.g.*, *Pennzoil*, 139 F.3d at 1067 (stating that broad clauses govern disputes that "are connected with" the contract at issue). If any doubt remains as to whether the phrase "or with respect to" is to be read broadly, I am obliged to follow the Fourth Circuit's preference for resolving scope issues in favor of arbitration. *See Long*, 248 F.3d at 316.

Furthermore, I agree with the plaintiffs that Mr. Phillips's employment with MSW "is fundamentally tied to" the issues he seeks to litigate in state court, regardless of the fact that Mr. Phillips does not bring a wrongful discharge claim. (*See* Pls.' Reply Def.'s Resp. Opp'n Pet. Compel Arbitration 4, 5 (arguing that "each claim asserted by Defendant in the state-court action

-4-

is grounded on Defendant's allegation that he was harmed by the MSW parties when he was voted out of membership in the LLC" and "the termination of Defendant's membership . . . is inextricably intertwined with the termination of his employment")). Notably, section 6(d) of Mr. Phillips's employment agreement provides for termination without cause, *see* Pet. Compel Arbitration Ex. H p. 3, and the effect of that provision is at the heart of this dispute. For these reasons, I reject Mr. Phillips's first argument and find that the arbitration clause covers the disputes Mr. Phillips attempts to bring in state court.

Second, Mr. Phillips argues that the FAA is inapplicable here because it only applies to transactions that affect interstate commerce, and it excludes contracts involving workers engaged in interstate commerce. *See* 9 U.S.C. § 1, 2 (providing that the FAA applies to transactions involving "commerce among the several states" but excludes employment contracts of "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce"). Mr. Phillips asserts that he is a worker involved in interstate commerce in order to gain the benefit of an FAA exclusion. But in the same paragraph, he contends that the employment agreement regarded a business "located entirely within West Virginia," placing this controversy outside of the FAA's parameters. (Def.'s Mem. Opp'n Pls.' Pet. Compel Arbitration 8.) In so arguing, Mr. Phillips tries to have his cake and eat it, too. First, he is misguided in his attempt to fit into an exception from FAA coverage. He relies on a portion of the FAA that states "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. But this provision has been limited to employment contracts for those workers "actually involved in the interstate [shipment and] transportation of goods." *O'Neil v. Hilton Head Hosp.,* 115 F.3d 272, 274 (4th Cir. 1997). There is no evidence that

defendant was so involved in his employment with MSW. Second, the argument that the transaction in unrelated to interstate commerce is also unfounded. Mr. Phillips, a Virginia resident, conducted loan transactions and signed employment agreements with the plaintiffs, West Virginia residents, and MSW, a West Virginia corporation. *See United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651, 658 (S.D. W. Va. 2005) (concluding that a transaction between citizens of West Virginia and a business incorporated in Delaware was related to interstate commerce under the FAA); *see also Jenkins v. First Am. Cash Advance of Ga., LLC,* 400 F.3d 868, 874-75 (11th Cir. 2005) (finding that the "FAA's broad interstate commerce requirement" was satisfied when lending transactions took place between a Georgia resident and a national bank located in South Dakota).

Finally, Mr. Phillips asserts that the arbitration clause is not enforceable under state law because he "had no choice as to the language and the execution of the [employment] agreement and [the agreement] was on a 'take it or leave it' basis, which is the essence of a contract of adhesion" and "unconscionab[le]." (Def.'s Mem. Opp'n Pls.' Pet. Compel Arbitration 6-7.) For a showing of unconscionability, West Virginia requires "both gross inadequacy in bargaining power and terms unreasonably favorable to the stronger party." *Adkins*, 303 F.3d at 502 (internal quotation marks omitted). There is no evidence that the arbitration clause or the employment agreement itself was unconscionable. I see no imbalance of bargaining power; in fact, Mr. Phillips's interest in the LLC was equal to that of Mr. Beachum and greater than that of Mr. Abshire, and Mr. Phillips's loans were integral to MSW's establishment. In addition, the terms of the employment agreement are simply not unreasonably favorable to the plaintiffs.

I thus reject Mr. Phillips's arguments and find that all four elements of the *Adkins* test are satisfied. Accordingly, and in light of the "liberal federal policy favoring arbitration agreements,"

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), the plaintiffs' Petition to Compel Arbitration is **GRANTED**.

### III. Conclusion

For the foregoing reasons, the plaintiffs' Petition to Compel Arbitration [Docket 1] is **GRANTED**, and the parties shall proceed to arbitration in accordance with the terms of the employment agreement. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       October 8, 2009

                              _/s/ Joseph R. Goodwin_
                              Joseph R. Goodwin, Chief Judge